**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GERALD ABNER,

    Plaintiff,

v.                                  Case No. 09-cv-14051

ASSORTMENT OF DEFENDANTS,

    Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL AND DIRECTING THE CLERK OF COURT TO STRIKE AND REMOVE THE COMPLAINT**

Plaintiff has a long history of filing frivolous and vexatious lawsuits in the Eastern District of Michigan. After filing his eighth frivolous lawsuit, he was enjoined and restrained "from filing any new complaints in the United States District Court for the Eastern District of Michigan against any defendant without first seeking and obtaining leave of Court." *Abner v. Ford, Jr.*, No. 03-72721 (E.D. Mich. July 22, 2003).

On October 13, 2009, Plaintiff filed a complaint against an "assortment of defendants" without first seeking and obtaining leave of the court. Therefore, the court finds that Plaintiff is enjoined from filing this complaint.[1]

Under Federal Rule of Civil Procedure 12(f), the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter," and it may do so on its own initiative. Plaintiff's complaint and attached documents include over

---

[1] The complaint would have been *sua sponte* dismissed as frivolous under 28 U.S.C. § 1915(e)(2) because it lacked an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It contains factual allegations that are "fantastic or delusional" and is "based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

100 pages of allegations against a wide variety of people, from current and past Presidents of the United States, local television news reporters, sororities, NBA players, governors of this state and other states, area business leaders, local government leaders, judges, court employees, and others.  These allegations are clearly baseless, immaterial, and many of them scandalous.  *See* Fed. R. Civ. P. 12(f).  Thus, the court will strike and remove the entire complaint from the docket of this court.

Plaintiff should be aware that by filing a complaint and other documents, he certifies that the allegations in the complaint and documents have evidentiary support and are not being presented for an improper purpose.  Fed. R. Civ. P. 11(b).  For violations of Rule 11(b), the court may order monetary sanctions to deter future violations.  Fed. R. Civ. P. 11(c)(4).  All of Plaintiff's complaint and supporting documents seem to lack evidentiary support and to be presented for an improper purpose.  The court recognizes that *pro se* complaints are held to a "less stringent standard than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court also recognizes the importance in ensuring that the courts are accessible to all, including those that are indigent.  *See Boddie v. Connecticut*, 401 U.S. 371 (1971).  However, in this case and in others, Plaintiff has abused this right of access to the courts.  Plaintiff should be aware that similar conduct in the future may subject him to monetary sanctions.  Fed. R. Civ. P. 11(b),(c).  Accordingly,

IT IS ORDERED that Plaintiff's complaint [Dkt. #1] is DISMISSED.

IT IS FURTHER ORDERED that the Clerk of Court is DIRECTED to STRIKE and REMOVE Plaintiff's complaint [Dkt. #1] from the docket.

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed in Forma Pauperis" [Dkt. # 2] is DENIED AS MOOT.

       S/Robert H. Cleland       
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 23, 2009, by electronic and/or ordinary mail.

       S/Lisa Wagner       
Case Manager and Deputy Clerk
(313) 234-5522